IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 911 AUTO CENTERS LLC and<br>MARTIN GUTIERREZ, JR,<br>　　*Plaintiffs,*<br><br>v.<br><br>DEPOSITORS INSURANCE COMPANY<br>and TIFFANY BLUE,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-cv-498 |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Depositors"), through undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 2019CI07579, *911 Auto Centers LLC and Martin Gutierrez, Jr. v. Depositors Insurance Company and Tiffany Blue*, in the 407th Judicial District Court, Bexar County, Texas.

## I.
## BACKGROUND

1.　　Plaintiffs 911 Auto Centers LLC and Martin Gutierrez, Jr. (hereinafter, "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2019CI07579, filed in the 407th Judicial District Court of Bexar County, Texas on April 15, 2019 (the "State Court Action").[1]

2.　　Defendant Depositors appeared and answered on May 10, 2019 asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2] To date, it appears Plaintiffs have not requested that a citation be issued to Tiffany Blue.[3]

---

[1]　　*See* Exhibit A, Plaintiffs' Original Petition with citation.

[2]　　*See* Exhibit B, Depositors' Original Answer.

[3]　　*See* Exhibit C, Bexar County District Court Docket Sheet.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Depositors in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, Depositors will give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the 407th Judicial District Court of Bexar County, Texas.

5. Pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Depositors of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of the Parties**

7. Plaintiff 911 Auto Centers is a limited liability corporation and, upon information and belief, is a citizen of Texas. Plaintiff Martin Gutierrez, Jr. is an individual and, upon information and belief, is a citizen of Texas.

8. Defendant Depositors Insurance Company is organized under the laws of the State of Iowa and maintains its principal place of business in Des Moines, Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors is a citizen of Iowa.

9. Defendant Tiffany Blue is domiciled in the State of Texas. However, Blue's citizenship should be disregarded because she has been improperly joined to this action.[4]

10. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### *i. Improper joinder*

11. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that he improperly alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[5] Because Blue is non-diverse, only the latter option is implicated in this case.

12. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[7]

13. Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of

---

[4] Blue's joinder in this removal is not necessary since she is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003). Nevertheless, Blue consents to removal of this matter.

[5] *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[7] *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

[8] *Id.*

Plaintiffs' Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[10] The facts supporting removal must be judged at the time of removal.[11] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[12] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]

14. In this case, Plaintiffs have asserted causes of action against Blue for violations of Texas Insurance Code Chapter 541, and for fraud and conspiracy to commit fraud.[14] As explained below, Plaintiffs' factual allegations against Blue fail to state a claim for relief rendering removal proper.

### ii. *Plaintiffs' Fraud-Based Claims against Blue are insufficiently pled.*

15. Plaintiffs' claims against Blue under Texas Insurance Code § 541.060(a)(1), and for fraud and conspiracy to commit fraud are each subject to the elevated pleading standards under Federal Rule of Civil Procedure 9(b).[15] Rule 9(b) mandates that a party alleging fraud must state

---

[9] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[10] *Int'l Energy Ventures*, 818 F.3d at 200-08.

[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[12] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Id.* at 570.

[14] *See* Exhibit A, Plaintiffs' Original Petition with citation at ¶¶ 52-60; 84-89.

[15] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009) (applying Rule 9(b) to a conspiracy to commit fraud claim); *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 351 (S.D. Tex. 2017) (applying the heightened pleading standard of Rule 9(b) to a claim brought under § 541.060(a)(1)). *See also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not").

"with particularity" the circumstances constituting fraud. At minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[16] "Failing to comply with Rule 9(b) authorizes a Court to dismiss pleadings as it would for a failure to state a claim under Rule 12(b)(6).[17]

16. Here, Plaintiffs have plainly failed to allege the necessary identifying information to support its claims under § 541.060(a)(1), fraud and conspiracy to commit fraud claims against Blue. Plaintiffs' claims for fraud and conspiracy to commit fraud merely recite the elements of each respective cause of action and fails even under the traditional 12(b)(6) standard.[18] Similarly, Plaintiffs' claim under § 541.060(a)(1) fails because Plaintiffs' conclusory allegations against Blue are insufficient to state a claim under Rule 12(b)(6). As such, Plaintiffs' claims under § 541.060(a)(1), and for fraud and conspiracy to commit fraud are insufficiently pled under Rule 9(b) and 12(b)(6).

---

[16] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), modified on other grounds, 355 F.3d 356 (5th Cir. 2003); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) requires that a plaintiff "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Spring Street Apts. Waco, LLC v. Phila. Indem. Ins. Co.*, No. W-16-CA-315-JCM, 2017 WL 1289036, at *3 (W.D. Tex. April 6, 2017) (quoting *Hermann Holdings Ltd v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)).

[17] *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12–CV–0371–B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

[18] Exhibit A, Plaintiffs' Original Petition with citation, at ¶¶ 88-89; *see also Gonzalez*, 326 F. Supp. 3d at 353 (holding conclusory statement that "Defendants had a meeting of the minds on the objects or courses of action" was insufficient to state a civil conspiracy claim).

### iii. *Plaintiffs' remaining Texas Insurance Code Claims fail under a Rule 12(b)(6) analysis.*

17.     Plaintiffs' remaining Texas Insurance Code claims against Blue are insufficiently pled and fail a Rule 12(b)(6) analysis. Plaintiffs have employed conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions.[19] Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiffs have failed to assert claims for relief under Texas law against Blue. As such, Blue has been improperly joined to this action, and there is complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### iv. *Plaintiffs' failure to issue service on Blue highlights her improper joinder.*

18.     Plaintiffs' Original Petition does not request service of process on Blue.[20] In *Griggs*, the Fifth Circuit stated that a plaintiff's failure to effect service on a non-diverse defendant bolsters the conclusion that a plaintiff did not intend to pursue his claim against the non-diverse defendant.[21]

---

[19]   *Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) (Factual allegations that are not pled with sufficient specificity to distinguish facts from legal conclusions do not survive a Rule 12(b)(6) challenge).

[20]   Exhibit A, Plaintiffs' Original Petition with citation, at ¶ 4.

[21]   *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (affirming denial of plaintiff's motion to remand, in part, because plaintiff "did not make any attempt to serve [the non-diverse defendant]"); *see also Crawford v. Allied Prop. & Cas. Ins. Co.*, No. 4:17-cv-368, 2017 WL 4079544, at *5 (E.D. Tex. Aug. 30, 2017) (denying a plaintiff's motion remand in part due to the plaintiff's failure to diligently effect service on the non-diverse defendant), *adopted by Crawford v. Allied Prop. & Cas. Ins. Co.*, No. 4:17-cv-368, 2017 WL 4076407 (E.D. Tex. Sept. 14, 2017); *Whitesboro Inn & Suites v, United Fire & Cas. Co.*, No. 4:16-cv-87, 2016 WL 9131957, at *4 (E.D. Tex. April 26, 2016) (a plaintiff's failure to effect service of process upon the non-diverse defendant is "consistent with the court's conclusion that [the non-diverse defendant] was improperly joined and that [plaintiff[ is not serious about its claim against [the non-diverse defendant], except to defeat federal jurisdiction"); *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, at *6 (N.D. Tex. Sept. 25, 2014) (denying a plaintiff's motion to remand based upon a plaintiff's failure to effect service upon the non-diverse defendant and noting "[i]f plaintiff genuinely intended to pursue an action against [the non-diverse defendant], his

As of the date of this filing, Plaintiffs have not attempted service on Blue.[22] Therefore, Plaintiffs' failure to effect service of process on Blue supports her improper joinder in this case.

**B.     Amount in Controversy**

19.     Plaintiffs' Original Petition states that Plaintiffs "seek monetary relief, the maximum of which is over $200,000 but not more than $1,000,000."[23] The threshold for diversity jurisdiction of $75,000 is therefore met by the allegations of Plaintiffs' Original Petition.

20.     Plaintiffs further seek compensation for actual damages, treble damages, punitive and exemplary damages, attorney's fees through any appeal, court costs, and pre- and post-judgment interest.[24] Plaintiffs have alleged that Depositors' conduct was wrongful and done knowingly, entitling Plaintiffs to a trebling of actual damages under Texas Insurance Code Chapter 541.[25] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[26]

21.     The amount in controversy in this matter plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[  ]     attorneys certainly would have taken steps to cause [the non-diverse defendant] to be served by now").

[22]     *See* Exhibit C, Bexar County District Court Docket Sheet.

[23]     Exhibit A, Plaintiffs' Original Petition with citation, at ¶ 99.

[24]     *Id.* at § O (Prayer).

[25]     *Id.* at ¶ 90.

[26]     *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

22. Removal of this action under 28 U.S.C. §1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, PREMISES CONSIDERED, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this 10th day of May, 2019, to:

| | |
|---|---|
| Martin J. Phipps<br>J. Gabriel Ortiz<br>Phipps, LLP<br>102 9th Street<br>San Antonio, Texas 78215 | ***9414 7266 9904 2137 9592 56*** |

                                          */s/ Patrick M. Kemp*
                                          Patrick M. Kemp